IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:21-CR-001-Z-BR-1 |
| MIGUEL FRAIRE-ROJAS, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Sentence Reduction ("Motion") filed by Defendant Miguel Fraire-Rojas, a/k/a Martin Valtierra Rojas ("Fraire-Rojas"), in which he seeks a sentence reduction pursuant to 18 U.S.C. Section 3582(c)(1)(A). ECF No. 52. Also before the Court is a Motion to Amend Information ("Motion") filed by Fraire-Rojas, in which he seeks to correct certain representations his Motion. ECF No. 53. His Motion to Amend is **GRANTED** and the corrected information has been considered herein. For the reasons stated below, his Motion for compassionate release is **DENIED**.

**BACKGROUND**

On June 17, 2021, the Court revoked Fraire-Rojas's supervised release that was imposed by the U.S. District Court for the District of Arizona. In connection with the revocation, Fraire-Rojas was sentenced to a term of twenty-four months in prison, consecutive to the sixty-month sentence imposed in Case No. 20-cr-114 for Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 18 U.S.C. Section 371. Fraire-Rojas is serving his sentence at the USP Thomson facility in Thomson, Illinois.

On August 22, 2022, Fraire-Rojas filed a Motion for Sentence Reduction Under 18 U.S.C. Section 3582(c)(1)(A), asking the Court to grant him compassionate release due to his

health concerns. ECF No. 24 at 5. The Court denied the motion on October 6, 2023. ECF No. 27. On April 8, 2025, Fraire-Rojas filed this Motion, alleging that he is entitled to compassionate release due to (1) his rehabilitation efforts; (2) improper enhancement of his sentence; (3) his imminent deportation after serving his sentence; and (4) the conditions of his confinement that are untenable due to both the effects of COVID-19 and the fact that it is a low-security facility being run like a high-security facility. ECF No. 52.

## LEGAL STANDARD

### A. Extraordinary and Compelling Reasons for Release

Fraire-Rojas alleges that he has never received a disciplinary action and that has been an "ideal inmate." ECF No. 52 at 3. Assuming the truth of his claim, rehabilitation alone is not an extraordinary and compelling reason for release under the sentencing guidelines. Rehabilitation may be considered, however, in combination with other circumstances in determining whether, and to what extent, a reduction in the movant's term of imprisonment is warranted. *See* U.S.S.G. Section 1B1.13(e). In considering Fraire-Rojas's other circumstances in conjunction with his rehabilitation claims, however, the Court finds that he has not stated a viable basis for compassionate release.

Fraire-Rojas first complains that the Thomson Unit is a low-security facility that is being run as a "medium high facility" and that the unit has been locked down nine times in 18 months. He further claims that the restrictions caused by COVID-19 have caused an undue hardship on prisoners. However, "[t]he conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *United States v. Iruegas*, No. CR 2:18-366, 2021 WL 1169348, at *2 (S.D. Tex. Mar. 25, 2021) (internal quotation omitted).

According to the U.S. Sentencing Guidelines, a movant may show extraordinary and compelling circumstances if he is housed in a facility that is "at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority." U.S.S.G. Section 1B1.13(b)(1)(D)(i). In addition, the defendant's "personal health risk factors and custodial status" must put him "at increased risk of suffering severe medical complications or death." *Id.* Section 1B1.13(b)(1)(D)(ii). The facility also must be unable to "adequately mitigate[]" the defendant's increased risk in a timely manner. *Id.* Section 1B1.13(b)(1)(D)(iii).

Courts repeatedly have denied motions related to the COVID-19 pandemic under this section. *See, e.g., United States v. Aguilar-Cardenas*, 2025 WL 1748059 (E.D. Tex. June 24, 2025) (collecting cases). "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Further, the increased risk from an outbreak or emergency must exist at the time relief would be granted, which is no longer the case regarding COVID-19. *Aguilar-Cardenas*, 2025 WL at *4 (noting that "international and domestic health authorities, including the World Health Organization, the United States Centers for Disease Control and Prevention, and the U.S. Federal Government, have made clear that the COVID-19 pandemic has ended.") (citations omitted). Thus, the COVID-19 pandemic no longer constitutes an "extraordinary and compelling reason" for compassionate release.

Lastly, Fraire-Rojas argues that courts have found that imminent deportation is a valid basis for a sentence reduction. ECF No. 52 at 3. He has provided no binding authority in support of this argument and, given that Fraire-Rojas has been deported twice before, this assertion does little to indicate that compassionate release is warranted on this basis.

Accordingly, Fraire-Rojas has failed to show extraordinary and compelling reasons for compassionate release.

### B. The Section 3553 Factors Weigh Against Release

Even assuming that Fraire-Rojas had shown extraordinary and compelling reasons, however, the Section 3553 factors still weigh against release. The Court must consider the applicable Section 3553(a) factors to determine whether compassionate release is warranted. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021).

Mindful of these factors, the Court has carefully considered the record pertaining to (1) Fraire-Rojas's sentence relative of the nature and seriousness of his offense; (2) his personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes by Fraire-Rojas; (6) the need to provide rehabilitative services; (7) the applicable guideline sentence; and (8) the need to avoid unwarranted sentencing disparities among petitioners with similar records found guilty of similar conduct. *See* 18 U.S.C. Section 3553(a). These factors are evaluated under the overarching principle that a sentence must "be sufficient, but not greater than necessary" to achieve sentencing goals, such as promoting respect for law and discouraging recidivism. *Id.* After considering the facts and circumstances pertaining to these factors (as it did in considering Fraire-Rojas's first motion), the Court cannot justify compassionate release. "Compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Fraire-Rojas has an extensive criminal history from age twenty-one, which includes several charges of driving under the influence, several charges of aggravated assault, transporting illegal aliens, illegal re-entry, and possession of a narcotic drug. ECF No. 16-2

4

at 5-10. He has been deported twice, on September 2, 2000, and again on September 22, 2007. *Id.* at 12. His Legal Permanent Resident Alien status was revoked in 2000. *Id.* He has a Category IV criminal history (*Id.* p. 10) and is subject to an order of deportation. ECF No. 24 at 2.

"Compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Where, as here, a prisoner has engaged in severe criminal conduct and has an extensive criminal history, the district court has discretion to deny compassionate release. *Id.* at 693–94. In view of the nature and circumstances of his offense of conviction, his extensive criminal history, and his failure to comply with prior terms of release, the Court cannot conclude that Fraire-Rojas's early release from prison would afford adequate deterrence or protect the public.

In addition, granting Fraire-Rojas compassionate release would neither provide just punishment for his offense nor promote respect for the law. Releasing Fraire-Rojas at this time also would minimize the impact of his crime and the seriousness of his offense, as well as fall far short of providing a just punishment and an adequate deterrence to criminal conduct. Therefore, the Court finds that the Section 3553(a) factors weigh against a sentence reduction. This is an independent justification for denying the Motion.

For the foregoing reasons, the Motion is **DENIED**.

**SO ORDERED**.

July 11, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE